|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| WAVESEER OF NEVADA, LLC d/b/a JENNY'S DISPENSARY, | | Case No.: 2:19-cv-02188-APG-VCF |
| Plaintiff | | **Order Confirming Arbitration Award** |
| v. | | [ECF Nos. 1, 11] |
| UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 711, | | |
| Defendant | | |

Tamara Zazueta was a Cannabis Consultant for plaintiff Waveseer of Nevada, LLC. She is a member of defendant United Food and Commercial Workers, Local 711 (Union). The Union and Waveseer are parties to a collective bargaining agreement (CBA) that covers Zazueta. Waveseer fired Zazueta for insubordination and improper use of her cellular telephone. The Union filed a grievance, which led to an arbitration hearing. The Arbitrator ruled that Waveseer did not have just cause to terminate Zazueta, and that the proper discipline was a one-month suspension. ECF No. 11-1 at 44. The Arbitrator ordered Waveseer to reinstate Zazueta with a final warning and make her whole for lost income and benefits. *Id.*

Waveseer filed a petition to vacate the arbitration award, arguing that the Union's demand for arbitration was untimely and the arbitration award violates the CBA. ECF No. 1 at 4-5. The Union disagrees and moved to confirm the award. ECF No. 11. Because the Arbitrator was authorized to resolve the issue of timeliness, and his award is based upon the CBA, I affirm the award.

/ / / /

/ / / /

**The Arbitrator was Authorized to Resolve the Issue of Timeliness.**

The CBA provides a procedure to resolve "a dispute or grievance over the interpretation of" the CBA. *See* CBA at 7, Art. 9 § 1 (ECF No. 11-1 at 11, Art. 9 § 1). If an employee is not able to resolve the dispute at a local level, Waveseer, the employee, and a Union representative shall attempt to reach a settlement within seven days. *Id.* at Art. 9 § 1(b). If that does not resolve the dispute, either party may notify the other of its desire to submit it to arbitration within 30 days following exhaustion of the grievance procedure. *Id.* at Art. 9, § 1(e). The CBA further states that "[t]he time limits set forth above shall be absolutely mandatory and failure to comply will mean the grievance is void and no consideration will be given to it. The time limits may be extended by mutual agreement." *Id.* at Art. 9 § 5.

Waveseer contends that the Union grieved Zazueta's termination on August 2, 2018, but never attempted to exercise the seven-day settlement procedure of Art. 9 § 1(b). On October 19, 2018, the parties' representatives spoke on the phone and the Union demanded either Zazueta's reinstatement or arbitration. ECF No. 14 at 5. Waveseer contends that because the Union did not demand arbitration within 30 days of the August 2 grievance, the grievance became void under Art. 9 § 5 so the Arbitrator had no authority to conduct an arbitration. The Arbitrator ruled that the Union's demand for arbitration was timely. Arbit. Award at 10 (ECF No. 11-1 at 39).

Disputes over the timeliness of arbitrations are resolved by arbitrators, not courts. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) (holding that issues of timeliness, waiver, delay, and other procedural matters are for arbitrators to decide). The Ninth Circuit has held that an arbitrator's rejection of a "timeliness argument was a quintessentially procedural decision to which the district court was required to — and properly did — defer." *Sw.*

*Reg'l Council of Carpenters v. Drywall Dynamics, Inc*., 823 F.3d 524, 531 (9th Cir. 2016). This makes sense because often timeliness will depend on the facts of the underlying dispute.

> Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration. . . . It would be a curious rule which required that intertwined issues of "substance" and "procedure" growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other. Neither logic nor considerations of policy compel such a result.

*John Wiley & Sons, Inc. v Livingston*, 376 U.S. 543, 557 (1964). *See also Auto., Petroleum & Allied Indus. Employees Union, Local No. 618 v. Town & Country Ford, Inc*., 709 F.2d 509, 513 (8th Cir. 1983) (following *Wiley* and deferring to the arbitrator where a CBA provided that the failure to meet a time limit barred further action).

These legal principles dictate that the timeliness of the Union's demand for arbitration was an issue properly delegated to the Arbitrator.

**The Arbitrator's Award is Faithful to the CBA.**

Waveseer next contends that the Arbitrator's findings that the Union's demand was timely and that Zazueta should have been suspended instead of terminated violated the CBA's terms.

"[T]he appropriate question for a court to ask when determining whether to enforce a labor arbitration award interpreting a collective bargaining agreement is a simple binary one: Did the arbitrator look at and construe the contract, or did he not?" *Drywall Dynamics, Inc*., 823 F.3d at 532. Here, the Arbitrator did. And his award was within the scope of his authority. *Van Waters & Rogers, Inc. v. Int'l Bhd. of Teamsters*, 56 F.3d 1132, 1136 (9th Cir. 1995). I therefore must affirm the award.

The CBA does not define what "just cause" for termination means. Thus, the definition is left to the Arbitrator. *See*, *e.g.*, *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 380 (3d Cir. 1995) ( "Having decided not to define the phrase ['proper cause'], Suburban cannot escape the results of that bargain simply because the arbitrator has chosen to interpret that phrase differently than Suburban may have wanted—even if Suburban's interpretation of the CBA is more reasonable than the result announced by the arbitrator.").

The Arbitrator was authorized to determine whether Zazueta's termination was supported by "just cause." *See* CBA Art. 8 § 1 (ECF No. 11-1 at 10). *See also* Arbit. Award at 3 (ECF No. 11-1 at 32) ("At the hearing, the parties stipulated the following issue: "Was the Grievant, Tamara Zazueta, terminated for just cause?"). He found that it was not. Arbit. Award at 15 (ECF No. 11-1 at 44) ("That history justifies a suspension for this third violation. It does not justify termination."). The parties stipulated to the Arbitrator determining an additional issue: If Zazueta was not terminated for just cause, "what is the remedy?" *Id.* at 3 (ECF No. 11-1 at 32). The Arbitrator determined that the remedy was to suspend Zazueta for one month, reinstate her with a final warning, and reimburse her for lost wages and benefits. *Id*. at 15 (ECF No. 11-1 at 44).

The Arbitrator decided the issues delegated to him by the parties. He looked at and construed the CBA. Thus, I am "not authorized to review the [A]rbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

I THEREFORE ORDER that the Union's motion to confirm the arbitration award (**ECF No. 11**) **is GRANTED**.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendant Union and close this case.

DATED this 6th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE